IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05002-PAB

ALAN JAIR MARIN CRUZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Alan Jair Marin Cruz's Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No 2].

## I. BACKGROUND[1]

Petitioner is a native and citizen of Mexico. Docket No. 1 at 4, ¶ 7. Petitioner entered the United States without inspection in approximately 1994, at the age of five, and has resided in Colorado for over thirty years. *Id.* at 4, 7, ¶¶ 7, 23. On February 26, 2026, petitioner was on a public bus in Aurora, Colorado when he asked another

---

[1] The following facts are undisputed.

passenger on the bus to leave because the passenger was harassing others. *Id.* at 7-8, ¶ 25. In response, the passenger stabbed petitioner in the abdomen and fled the scene. *Id.* Petitioner required extensive medical treatment and cooperated with police regarding the assault. *Id.*

In June 2026, petitioner was arrested after he called the police regarding a domestic dispute. *Id.* at 8, ¶ 26. All criminal charges relating to this arrest were dismissed. *Id.* On July 1, 2026, petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* On August 17, 2026, the Aurora Police Department signed an I-918B U Nonimmigrant Visa Certification, verifying the petitioner was a victim of a qualifying crime and has been cooperative in the investigation on such crime, which is a necessary part of a U Nonimmigrant Visa petition. *Id.*, ¶ 28. Petitioner filed an application for a U visa. *Id.* at 10, ¶ 35. U.S. Citizenship and Immigration Services issued a receipt stating that it received petitioner's application on August 24, 2026. Docket No. 1-1 at 2. On September 25, 2026, an immigration judge conducted a custody redetermination hearing and denied petitioner's release on bond. Docket No. 1 at 8-9, ¶¶ 27, 31.

On October 6, 2026, petitioner filed a petition for writ of habeas corpus asserting that, because he is a U visa applicant, he is a member of the class certified in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) ("ICWC"), and is therefore entitled to release. *See generally id.* Petitioner also filed a motion for a temporary restraining order seeking release. Docket No. 2. On October 15, 2026, respondents filed a response stating that they "are not submitting a brief in opposition to the Petition." Docket No. 8 at 1-2. Respondents acknowledge that, due to their non-

response, "the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 2. Respondents submit that, if the Court grants the petition, the appropriate relief in this case is for the Court to release petitioner from detention. *Id.*

**II. ANALYSIS**

"[T]he U visa, which Congress created in 2000, provides a path to legal status for non-citizen survivors of qualifying crimes who assist law enforcement in investigating and prosecuting those crimes." *ICWC*, 351 F.R.D. at 351. "There is a 10,000-visa annual cap on U visas for principal applicants, *see* 8 U.S.C. § 1184(p)(2), resulting in long waits for a visa to become available." *Id.* ICE policy that was adopted in 2021 states that, "absent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits." *Gueye v. Blanche*, No. 26-cv-03028-NRN, 2026 WL 2823448, at *3 (D. Colo. Sept. 14, 2026) (citation omitted). In 2025, the 2021 policy was rescinded. *Id.* "The court in ICWC issued a preliminary injunction staying 'the 2025 Guidance, including its rescission of prior policies. This stay applies in favor of All Individual Plaintiffs, the current and future clients of the Organizational Plaintiffs, and the members of all three Classes.'" *Id.* (quoting *ICWC*, 351 F.R.D. at 397). Petitioner asserts that he is a member of the so-called "stay of removal" class, which applies to all individuals with a pending U visa petition who are detained by ICE. Docket No. 1 at 2, ¶ 1. Respondents, by not responding to the facts or circumstances of this case, do not refute that petitioner is a member of the stay of removal class or that, as a member of the class, petitioner is entitled to release. *See generally* Docket No. 8.

The stay of removal class applies to "[a]ll individuals with a pending U or T visa petition who, since January 30, 2025, have been, are, or will be detained by ICE." *ICWC*, 351 F.R.D. at 396. Petitioner was detained by ICE on July 1, 2026, Docket No. 1 at 8, ¶ 26, and has a pending U visa petition. *Id.* at 10, ¶ 35. Therefore, the Court finds that petitioner is a member of the "stay of removal" class. Other courts in this district have granted habeas petitions and ordered the release of petitioners when those petitioners were members of the class certified in *ICWC*. *See Gueye*, 2026 WL 2823448, at *3; *Villeda Mejia v. Baltazar*, No. 26-cv-02084-RMR, 2026 WL 2224656, at *1-2 (D. Colo. Aug. 3, 2026). Therefore, the Court will grant the habeas petition and order petitioner's release from custody. The Court will deny the motion for a temporary restraining order, which seeks the same relief, as moot.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Alan Jair Marin Cruz's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No 2] is **DENIED as moot**. It is further

**ORDERED** that respondents shall release petitioner from custody within 48 hours of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report within **four days** of the issuance of this order confirming that petitioner has been released from custody.

DATED October 19, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge